UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN T. REUTCKE,

    Plaintiff,

vs.                            Case No. 3:14cv267/LC/CJK

WENDELL HOLMES, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

    This cause is before the court upon plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (doc. 1), and motion to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissing this action, leave to proceed *in forma pauperis* will be granted. Upon review of plaintiff's complaint, the court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

    Plaintiff is an inmate of the Santa Rosa County Jail ("the Jail"). (Doc. 1). Plaintiff's complaint names six defendants: Wendell "Holmes," Sheriff of Santa Rosa County, Florida;[1] Armor Medical Corp.; Ms. Brewer, Medical Administrator of Armor Medical; and three nurses at the Jail (Nurse Reeves, Nurse Nelson and Nurse

---

[1] The Sheriff of Santa Rosa County, Florida, is Wendell Hall.

Practitioner Meyer). Plaintiff claims the defendants are subjecting him to cruel and unusual punishment in violation of the Eighth Amendment by failing to provide him adequate and proper catheterization. Plaintiff also claims the defendants are treating "medically housed" inmates differently than general population inmates, in violation of the Americans with Disabilities Act, by housing them in overcrowded cells with no windows and no access to television, books, or activities such as substance abuse programs, educational programs, religious study and anger management. (Doc. 1, pp. 5-6 and continuation pages). As relief, plaintiff seeks an injunction "ordering all defendants to provide proper care to plaintiff and all inmates," and "any compensatory or punitive damages as this Court determines appropriate in this premise." (*Id*., p. 7).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint was signed and submitted to Jail officials for mailing on June 11, 2014. (Doc. 1, p. 7). On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[2] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints

---

[2]Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "No" to both questions, and disclosed no cases. (Doc. 1, p. 3).

*Case No: 3:14cv267/LC/CJK*

about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed one case – a case he filed in Omaha, Nebraska in 1982, in which he challenged the lack of access to the court and law library. (*Id.*). Plaintiff disclosed no other cases.

On the same page of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (Doc. 1, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff did not mark an answer. (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff wrote, "N/A." (*Id.*, p. 5).

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 1, p. 7). Thus, plaintiff has in effect stated that at the time he filed his complaint, he had not initiated any other civil rights actions in federal court challenging the conditions of his confinement, and had not had any action in federal court dismissed prior to service.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when

a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.  Further, in the light of 28 U.S.C. § 1915(g)[3], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The information obtained from the disclosure requirements also helps the court evaluate whether the action is related to or should be considered in connection with another case, or whether a holding in another case affects the current action.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court may take judicial notice that at the time plaintiff filed his complaint in this case, plaintiff had initiated at least one other civil action in federal court that required disclosure.  On July 17, 2012, plaintiff filed a civil rights complaint in the United States District Court for the Southern District of Alabama challenging his conditions of confinement at the Mobile County Metro Jail in Mobile, Alabama.  *See John T. Reutcke v. Sam Cochran*, Case No. 12-00475-CG-B.  Plaintiff asserted claims of inadequate medical care and disability discrimination (including inadequate catheterization and overcrowding of medical inmates) against the Sheriff of Mobile County, the Warden of the Jail, the Medical Administrator and medical staff.  On September 19, 2013, the Alabama district court dismissed plaintiff's complaint without prejudice prior to service of the complaint.[4]  A copy of the order of dismissal

---

[3]Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[4]The court dismissed plaintiff's claims for declaratory and injunctive relief as moot (due to plaintiff's transfer to the Santa Rosa County Jail), dismissed without prejudice plaintiff's claims for

(and of the report and recommendation on which it was based) was mailed to plaintiff at the Santa Rosa County Jail, and was not returned. A later order directing monthly payments from plaintiff's prison account was returned as undeliverable for the stated reason: "Refused." Plaintiff did not disclose this federal civil rights action in the instant complaint.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3). If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

---

compensatory and punitive damages for failure to state a claim upon which relief may be granted, and dismissed without prejudice plaintiff's claim for nominal damages due to plaintiff's abandonment of the claim.

*Case No: 3:14cv267/LC/CJK*

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 13th day of June, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).